FILED
**UNITED STATES DISTRICT COURT FOR THE** FICE.
**DISTRICT OF MASSACHUSETTS**

2013 MAR -7 P 1: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Shaun J. McHugh | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| -v- | ) |
| | ) |
| STELLAR RECOVERY, INC | ) |
| | ) |
| Defendant | ) |
| | ) |

Civil Action

No. _____

## COMPLAINT

1. Plaintiff, Shaun J. McHugh, hereby sues Defendant STELLAR RECOVERY INC

("Stellar Recovery Inc") a Montana and Florida Corporation.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p. This court has

supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C.§ 1367a and

pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid

pursuant to 28 U.S.C.§1391(b).

## PARTIES

3. Plaintiff, Shaun McHugh, is a natural person and is a resident of the State of Massachusetts, county of Suffolk.

4. Plaintiff is a "consumer' within the meaning of the FDCPA 15 U.S.C.§1692a(3) and the Code of Massachusetts Regulation (CMR) 209 CMR 18.02

5. Defendant, STELLAR RECOVERY INC ("Stellar Recovery Inc"), is a Montana and Florida Corporation authorized to do business in Massachusetts.

6. Defendant, Stellar Recovery Inc. is a "debt collector" within the meaning of the FDCPA 15 USC § 1692a(6); and the Code of Massachusetts Regulation (CMR) 209 18.02

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PRELIMINARY STATEMENT

8. This is an action for actual, statutory and punitive damages, as well as costs and statutory attorney's fees which arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 *et seq.,* Telephone Consumer Protection Act ("TCPA"), 47 USC § 227 et seq.; Regulation of Business Practices for Consumers Protection Act ("M.G.L. c. 93A § 1-11"); and the Code of Massachusetts Regulation ("CMR") 209 C.M.R. 18.00 *et seq.* aka M.G.L. 93 § 24-48

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due on a personal account to Comcast or some other creditor (hereinafter the "Account").

10. The Account is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff disputes the Account.

12. Prior to filing this complaint the Defendant, acting through it's representatives, employees and/or agents, made telephone calls to the Plaintiff at his cellular telephone #. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

13. the purpose of these telephone calls was an attempt to collect on the account.

14. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiff.

15. The telephone calls each individually constituted a "communication" as defined by 15 U.S.C. §1692a(2).

16. The Defendant and/or representatives, employees and/or agents, made telephone calls to the Plaintiff for the purpose and attempt to collect the Account.

17. Defendant's representatives, employees and/or agents caused Plaintiff's telephone to ring daily from September 17 thru February 14, 2013. These calls continued despite Plaintiff's oral dispute of the debt and would not pay it.

18. Defendant called Plaintiff's cell phone at 7:27am On October 17, 2013.

19. From September 17 thru February 14, 2013 Defendant called Plaintiff's cell phone sixty eight (68) times using one or more telephone systems that are capable of dialing telephone numbers without human intervention (i.e. the system, rather than a human being,

dials the telephone numbers to make the calls). For purposes of this complaint, such a telephoning system will be referred to as an "Automatic Telephone Dialing System."(ATDS).

20. Upon information and belief, Defendants calls originated from telephone numbers: 617-275-2458; 888-613-0232; 857-362-8131; 857-254-8209857-254-8232; 857-453-4771; 617-783-2577; 617-513-7689.

21. Upon information and belief, one or more of the ATDS's defendant uses are capable of delivering a "form or "stock" audio message that has been previously recorded (i.e. the same recorded message, or copy thereof, is used over and over for different calls). For purposes of this complaint, such a message shall be referred to as a "Prerecorded Message."

22. Upon information and belief, one or more of defendant's ATDS's that uses Prerecorded Messages is also capable of using text-to-speech customization to insert, for example, the name of the person whom Defendant is trying to reach into the message. For purposes of this complaint, the inserted portion of the message is referred to as an "Artificial Voice."

23. Upon information and belief that the placement of the name "Shaun McHugh" is text-to-speech customization that inserts, in part, the person's name of whom the Defendant was trying to reach. into the prerecorded message and a reference Defendant has assigned to that persons account.

24. The Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. § 227 and has never given Stellar Recovery, Inc his "express consent" to call him at anytime.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. §227 BY DEFENDANT
## STELLAR RECOVERY SERVICES INC.

25. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

26. Defendant used, controlled and/or operated "Automatic Telephone Dialing Systems"(ATDS) as defined by the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227(a)(1).

27. Defendant has demonstrated willful or knowing non-compliance within 47 U.S.C. §227(b)(1)(A)(iii) by using an ATDS to call the Plaintiff's number, which is assigned to a cellular telephone service.

28. Plaintiff received sixty eight (68) phone calls from Defendant, who failed to state at the beginning of the prerecorded artificial message the identity of the business, individual, or other entity initiating the call in violation of 47 U.S.C. § 227(d)(3)(A)(i).

29. Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. § 227 with the Defendant.

30. Plaintiff never gave the Defendant his "express consent" to call him at any time.

31. Defendant has violated 47 U.S.C. § 227 every time they called. Pursuant to 47 U. S. C. § 227(b)(3) Plaintiff can recover for actual monetary loss from such violations, or receive $500 in damages for each such violation per call, whichever is greater, or both such actions. If the court finds that the defendant willfully or knowingly violated this subsection the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3)

times the amount available under sub-paragraph (B) per violation. Defendants further violated

M.G.L. c. 93A by virtue of violating the TCPA pursuant to 940 C.M.R. § 3.16.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Stellar

Recovery Inc for $34,000 for actual or statutory damages and punitive damages, as well as

attorney's fees and costs.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT STELLAR RECOVERY SERVICES INC.

32. Plaintiff repeats and re-alleges each and every allegation set forth above as if

reasserted and re-alleged herein.

33. Defendant violated the FDCPA.. Defendant's violations include, but are not limited

to the following:

> a) Defendant violated 15 U.S.C. §1692d(6) by telephoning Plaintiff without
>
> identifying himself.
>
> b) Defendant violated 15 U.S.C. §1692e(10) by the use of any false
>
> representation or deceptive means to collect or attempt to collect any debt or
>
> to obtain information concerning a consumer.
>
> c) Defendant violated 15 U.S.C. §1692d(11) by failing to include the
>
> "Mini-Miranda" in the per-recorded message.
>
> d) Defendant violated the15 U.S.C. § 1692d(a)(1), which prohibits calls to
>
> consumers before 8am or after 9pm.

e) Defendant violated 15 U.S.C. §1692g by, within five days after the initial "communication" with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. Plaintiff need only demonstrate one (1) violation of the FDCPA to be entitled to a favorable judgment, "Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

WHEREFORE, Plaintiff demands judgment for damages in the amount of $1,000 against Stellar Recovery Services Inc. for actual or statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**COUNT III**
**VIOLATIONS OF THE CODE OF MASSACHUSETTS REGULATIONS ("C.M.R."),**
**209 C.M.R. 18.00 et seq. aka M.G.L. 93 § 24-48**

35. The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

36. Plaintiff is a Consumer within the meaning CMR 18.02

37. Debt is within the meaning of CMR 18.02

38. Defendant is a Debt Collectors within the meaning of CMR 18.02

39. Defendant violated ("CMR") 209 CMR 18.00 a.k.a.15 U.S.C.§1692e defendant's violations include, but are not limited to the following:

(1)(a) CMR 18.14 Communication with the consumer generally, without prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction a debt collector, may not communicate with a consumer in connection with the collection of any debt. (b) CMR 18.16(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(c) CMR 18.18 Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(I). the amount of the debt;

(II). the name of the creditor to whom the debt is owed.

(III). a statement that unless the consumer, within thirty days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(IV), a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(V). a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(2). A debt collector shall provide to a consumer or any attorney for a consumer within five business days the following:

(a) All papers or copies of papers, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected;

(b) A ledger, account card, or similar record in the possession of a debt collector, which reflects the date and amount of payments, credits, and charges concerning the debt.

(3) The failure of a consumer to dispute the validity of a debt under 209 CMR 18.18 may not be construed by any court as an admission of liability by the consumer.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Stellar Recovery Inc for $1,000 for actual or statutory damages, punitive damages, as well as attorney's fees and costs.

40. Plaintiff sent a notice to Stellar Recovery Inc. in an attempt to reach a settlement before taking any civil actions against the defendant. The defendant refused, therefore Plaintiff seeks damages in this honorable court.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Stellar Recovery Inc for **$36,000** for actual or statutory damages, punitive damages, as well as attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 6, 2013

Respectfully submitted,

Shaun J. McHugh Pro Se
38 Ransom Road #12A
Brighton, MA 02135