UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2013 MAR 13 P 3: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Shaun J. McHugh )<br>)<br>Plaintiff. )<br>)<br>-v- )<br>)<br>STELLAR RECOVERY, INC )<br>)<br>Defendant )<br>) | Civil Action<br><br>No. 13-10523-GAO |

# THIRD AMENDED COMPLAINT

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p. This court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C.§ 1367a and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C.§1391(b).

## PARTIES

2. Plaintiff, Shaun McHugh, is a natural person and is a resident of the State of Massachusetts, county of Suffolk.

3. Plaintiff is a "consumer' within the meaning of the FDCPA 15 U.S.C.§1692a(3) and the Code of Massachusetts Regulation (CMR) 209 CMR 18.02

4. Defendant, STELLAR RECOVERY INC ("hereinafter STELLAR"), is a Montana and Florida Corporation authorized to do business in Massachusetts.

5. Defendant, STELLAR. is a "debt collector" within the meaning of the FDCPA 15 USC § 1692a(6); and the Code of Massachusetts Regulation (CMR) 209 18.02

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PRELIMINARY STATEMENT

7. This is an action for actual or statutory damages and punitive damages, as well as costs and statutory attorney's fees which arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 *et seq.,* Telephone Consumer Protection Act ("TCPA"), 47 USC § 227 et seq.; Regulation of Business Practices for Consumers Protection Act ("M.G.L. c. 93A § 1-11");  and the Code of Massachusetts Regulation ("CMR") 209 C.M.R. 18.00 *et seq.* aka M.G.L. 93 § 24-48

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes of $37.53 on a personal account to Comcast (hereinafter the "Account").

9. The Account is a "debt" as defined by 15 U.S.C. §1692a(5).

10. Plaintiff disputes the Account.

11. Prior to filing this complaint the Defendant, acting through it's representatives, employees and/or agents, made telephone calls to the Plaintiff at his cellular telephone #. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

12. the purpose of these telephone calls was an attempt to collect on the account.

13. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiff.

14. The telephone calls each individually constituted a "communication" as defined by 15 U.S.C. §1692a(2).

15. Defendant's representatives, employees and/or agents caused Plaintiff's telephone to ring daily from September 17 thru February 14, 2013 which caused the Plaintiff stress, anxiety and embarrassment by engaging me in conversation about debt while I was with friends and/or girlfriend.

16. These calls continued despite Plaintiff's oral dispute of the debt and that I would not pay it.

17. Defendant called Plaintiff's cell phone at 7:27am On October 17, 2013 which caused the Plaintiff stress and anxiety and caused Plaintiff and his girlfriend to argue, disrupting the Plaintiff's sleep, as well as the rest of the day.

18. Defendant called Plaintiff's cell phone over sixty (60) times from September 17 through February 14, 2013 using one or more telephone systems that are capable of dialing telephone numbers without human intervention (i.e. the system, rather than a human being, dials the telephone numbers to make the calls). For purposes of this complaint, such a telephoning system will be referred to as an "Automatic Telephone Dialing System."(ATDS).

19. Upon information and belief, Defendants calls originated from telephone numbers: 617-275-2458; 888-613-0232; 857-362-8131; 857-254-8209; 857-254-8232; 857-453-4771; 617-783-2577; 617-513-7689.

20. Upon information and belief, one or more of the ATDS's defendant uses are capable of delivering a "form or "stock" audio message that has been previously recorded (i.e. the same recorded message, or copy thereof, is used over and over for different calls). For purposes of this complaint, such a message shall be referred to as a "Prerecorded Message."

21. Upon information and belief, one or more of Defendant's ATDS's that uses Prerecorded Messages is also capable of using text-to-speech customization to insert, for example, the name of the person whom Defendant is trying to reach into the message. For purposes of this complaint, the inserted portion of the message is referred to as an "Artificial Voice."

23. Upon information and belief that the placement of the name "Shaun McHugh" is text-to-speech customization that inserts, in part, the person's name of whom the Defendant was trying to reach. into the prerecorded message and a reference Defendant has assigned to that persons account.

24. The Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. § 227 and has never given Stellar Recovery, Inc his consent to call him at anytime.

25. According to the Defendant's website utilize skip tracing and predictive dialer campaigns.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. §227 BY DEFENDANT
## STELLAR RECOVERY SERVICES INC.

26. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

27. Defendant used, controlled and/or operated "Automatic Telephone Dialing Systems"(ATDS) as defined by the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227(a)(1).

28. Defendant has demonstrated willful or knowing non-compliance within 47 U.S.C. §227(b)(1)(A)(iii) by using an ATDS to call the Plaintiff's number, which is assigned to a cellular telephone service over sixty (60) times from September, 17 2012 thru February 14, 2013.

29. Defendant failed to state at the beginning of more than sixty (60) prerecorded message, the identity of the business, the individual, or other entity initiating the call in violation of 47 U.S.C. § 227(d)(3)(A)(i).

30. Defendant left prerecorded messages on Plaintiff's cell phone from September, 17 2012 thru February 14, 2013. in violation of 47 U.S.C. § 227(b)(1)(B).

31. Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. § 227 with the Defendant.

32. Plaintiff never gave the Defendant his "express consent" to call him at any time.

33. Defendant has violated 47 U.S.C. § 227 four (4) times every time they called. Pursuant to 47 U. S. C. § 227(b)(3) Plaintiff can recover for actual monetary loss from such violations, or receive $500 in damages for each such violation per call, whichever is greater, or both such actions. If the court finds that the defendant willfully or knowingly violated this subsection the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under sub-paragraph (B) per violation. Defendants further violated M.G.L. c. 93A by virtue of violating the TCPA pursuant to 940 C.M.R. § 3.16.

WHEREFORE, Plaintiff demands judgment for damages against Defendant STELLAR for $34,000 ($500.00 per call) for actual or statutory damages, as well as attorney's fees and costs.

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT STELLAR RECOVERY SERVICES INC.

34. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

35. Defendant violated the FDCPA.. Defendant's violations include, but are not limited to the following:

    a) 15 U.S.C. §1692c(a)(1) At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm

b) 15 U.S.C. §1692d Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

c) 15 U.S.C. §1692d(5) Caused the phone to ring or engaged any person in telephone conversations repeatedly or continuously causing Plaintiff's cell phone to ring with such frequency as to be unreasonable as to annoy, abuse and harass the Plaintiff. The collector's intent may be inferred from the obvious consequences of the conduct. See Meadows v. Franklin Collection Serv., Inc., 2011 WL 479997 (11th Cir. Feb. 11, 2011). The collector's intent may be inferred from the obvious consequences of the collector's numerous calls. Brant v. I.C. Sys., Inc., 2010 WL 582051 (M.D. Fla. Feb. 19, 2010).

d) 15 U.S.C. §1692d(6) Placed telephone calls without disclosing his/her identity?

e) 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

f) 15 U.S.C. §1692d(11) by failing to include the "mini-Miranda" in the pre-recorded message.

e) 15 U.S.C. §1692g by, within five days after the initial "communication" with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. Plaintiff need only demonstrate one (1) violation of the FDCPA to be entitled to a favorable judgment, "Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

WHEREFORE, Plaintiff demands judgment for damages in the amount of $8,000 against defendant STELLAR($1,000 statutory damages and $7,000 for actual damages), as well as attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(2)(A); 15 U.S.C. §1692k(a)(2) and 15 U.S.C. §1692k(a)(3).

### COUNT III
### VIOLATIONS OF THE CODE OF MASSACHUSETTS REGULATIONS ("C.M.R."), 209 C.M.R. 18.00 et seq. aka M.G.L. 93 § 24-48

37. The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

38. Plaintiff is a Consumer within the meaning CMR 18.02

39. Debt is within the meaning of CMR 18.02

40. Defendant is a Debt Collectors within the meaning of CMR 18.02

41. Defendant violated ("CMR") 209 CMR 18.00 a.k.a.15 U.S.C.§1692e defendant's violations include, but are not limited to the following:

(1)(a) CMR 18.14 Communication with the consumer generally, without prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction a debt collector, may not communicate with a consumer in connection with the collection of any debt.

(b) CMR 18.15(4) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(c) CMR 18.15(5) the placement of telephone calls without meaningful disclosure of the caller's identity.

(d) CMR 18.16(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) CMR 18.16(16) Communicating by telephone without disclosure of the name of the debt collector and without disclosure of the personal name of the individual making such communication provided, however, that any such individual utilizing an alias shall use only one such alias at all times and provided that a mechanism is established by the debt collector to identify the person using such alias; the debt collector shall submit a list of all such aliases and the persons using same to the Commissioner.

(c) CMR 18.18 Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,

unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(I). the amount of the debt;

(II). the name of the creditor to whom the debt is owed.

(III). a statement that unless the consumer, within thirty days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(IV), a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(V). a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(2). A debt collector shall provide to a consumer or any attorney for a consumer within five business days the following:

(a) All papers or copies of papers, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected;

(b) A ledger, account card, or similar record in the possession of a debt collector, which reflects the date and amount of payments, credits, and charges concerning the debt.

(3) The failure of a consumer to dispute the validity of a debt under 209 CMR 18.18 may not be construed by any court as an admission of liability by the consumer.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $8,000 against defendant STELLAR($1,000 statutory damages and $7,000 for actual damages), as well as attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(2)(A); 15 U.S.C. §1692k(a)(2) and 15 U.S.C. §1692k(a)(3).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Stellar Recovery Inc for **$50,000** for actual and/or statutory damages, punitive damages (upon counsel's determination), as well as attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(2)(A); 15 U.S.C. §1692k(a)(2) and 15 U.S.C. §1692k(a)(3).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 13, 2013

*[signature]*

Respectfully submitted,

Shaun J. McHugh Pro Se
38 Ransom Road #12A
Brighton, MA 02135