## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **SHAUN J. MCHUGH** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 13-CV-10523-GAO** |
| | ) | |
| v. | ) | |
| | ) | |
| **STELLAR RECOVERY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Stellar Recovery, Inc., ("Stellar") hereby responds to Plaintiff's Complaint as follows:

## COMPLAINT

1.      Paragraph 1 of Plaintiff's Amended Complaint requires no response as it merely purports to describe the Plaintiff's causes of action.  To the extent a response is required, Stellar denies the allegations contained in Paragraph 1 of the Amended Complaint.

## JURISDICTION AND VENUE

2.      Stellar denies that jurisdiction of the Court is conferred by 15 U.S.C. § 1681p. Stellar states that jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  Stellar admits that supplemental jurisdiction is appropriate pursuant to 28 U.S.C. § 1367a, and makes no objection to venue as alleged in Paragraph 2 of Plaintiff's Amended Complaint, but denies that Plaintiff has any right to relief herein.

## PARTIES

3.      Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 3 of Plaintiff's Amended Complaint, and therefore, denies the same for the present time.

4.      Paragraph 4 states conclusions of law to which no responses are required and are otherwise denied.

5.      Stellar denies that it is a Montana Corporation.  Further answering, Stellar admits the remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.      Paragraph 6 states conclusions of law to which no responses are required and are otherwise denied.

7.      Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Amended Complaint.

## PRELIMINARY STATEMENT

8.      Paragraph 8 of Plaintiff's Amended Complaint requires no responses as it merely purports to describe the Plaintiff's causes of actions.  To the extent a response is required, Stellar denies the allegations contained in Paragraph 8 of the Amended Complaint.

## FACTUAL ALLEGATIONS

9.      Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10.      Paragraph 10 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

11.      Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Amended Complaint.

34343307v1  2005

12.     Stellar admits that it made telephone calls to Plaintiff.  Further answering, Stellar lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Stellar admits that a purpose of its telephone calls to Plaintiff was an attempt to collect on the account, but denies that it was the sole purpose as alleged in Paragraph 13 of Plaintiff's Amended Complaint.

14.     Admitted.

15.     Paragraph 15 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

16.     Stellar admits that a purpose of its telephone calls to Plaintiff was an attempt to collect on the account, but denies that it was the sole purpose as alleged in Paragraph 16 of Plaintiff's Amended Complaint.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Stellar admits that, at times, it uses prerecorded messages.  Stellar denies Plaintiff's characterization of these messages as "form" or "stock."  Stellar further denies and objects to Plaintiff's classification and definition of prerecorded messages as set forth in Paragraph 21 of Plaintiff's Amended Complaint.

34343307v1  2005

22.     Stellar admits that, at times, its prerecorded messages are capable of text-to-speech customization.   Stellar further denies and objects to Plaintiff's classification and definition of artificial voice as set forth in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24.     Paragraph 24 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

## COUNT I – TCPA

25.     Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 24 above, as if fully set forth herein.

26.     Paragraph 26 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

27.     Denied.

28.     Denied.

29.     Paragraph 29 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

30.     Denied.

31.     Denied.

## COUNT II – FDCPA

32.     Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 31 above, as if fully set forth herein.

33.     Denied.

34.      Paragraph 34 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

### COUNT III – M.G.L. 93 § 24-48

35.      Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 34 above, as if fully set forth herein.

36.      Paragraph 36 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

37.      Paragraph 37 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

38.      Paragraph 38 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

39.      Denied.

40.      Stellar states that the letter referenced in paragraph 40 of the Complaint speaks for itself and denies all allegations insistent therewith. **(any request sent/how did we respond)**

### AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Stellar alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

5

## SECOND AFFIRMATIVE DEFENSE

Stellar states that if it violated the Fair Debt Collection Practices Act, which it denies, the violation occurred as a result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

## THIRD AFFIRMATIVE DEFENSE

Defendant Stellar affirmatively states that Plaintiff gave the original creditor prior express consent to contact Plaintiff's phone number concerning the underlying account, which consent then transferred to Stellar.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages and her claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel, ratification, unclean hands and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Stellar's telephone system is not an automatic telephone dialing system under 47 U.S.C. § 227(a) because the telephone system does not use a random or sequential number generator to store or produce or dial telephone numbers.  Moreover, Stellar's system entails human intervention.

## NINTH AFFIRMATIVE DEFENSE

Stellar states that if it violated the TCPA, which it denies, that it had established and implemented, with due care, reasonable practices and procedures to effective prevent violations of the TCPA.

34343307v1 2005

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has an established business relationship with Stellar such that his claims under the TCPA are barred.

Stellar reserves the right to supplement these affirmative defenses as discovery proceeds. Stellar further reserves the rights to seek costs and attorneys fees pursuant to *15 U.S.C. § 1692k(a)(3)* in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Stellar.

Respectfully submitted,
STELLAR RECOVERY, INC.
By Its Attorneys,


*/s/ Andrew M. Schneiderman*
Ranen S. Schechner, BBO # 655641
rschechner@hinshawlaw.com
Andrew M. Schneiderman, BBO # 666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109
Date:    April 9, 2013                   617-213-7000

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

The foregoing document was also sent to the Plaintiff by First Class mail as follows:

Shaun McHugh
38 Ranson Road, Unit 12A
Brighton, MA 02135

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman